IN HTE UNITED STATES
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLEN WOJNAR, *individually and on behalf of those similarly situated*,<br>2176 Quail Street<br>Vineland, NJ 08361<br><br>and<br><br>BARRY BLUMENFELD, *individually and on behalf of those similarly situated*,<br>3629A Adelaide Drive<br>Mount Laurel, NJ 08054<br><br>Plaintiffs,<br><br>v.<br><br>J.E. BERKOWITZ, LP<br>One Gateway Boulevard<br>Pendricktown, NJ 08067<br><br>and<br><br>CONSOLIDATED GLASS HOLDINGS, INC<br>One Gateway Boulevard<br>Pendricktown, NJ 08067<br><br>and<br><br>CZECH ASSET MANAGEMENT, L.P<br>1700 E Putnam Ave, Unit 207,<br>Old Greenwich, CT 06870<br><br>Defendants. | Civil A. No:<br><br>INDIVIDUAL AND CLASS ACTION UNDER WARN ACT<br><br>INDIVIDUAL AND CLASS ACTION UNDER NJ WARN ACT<br><br>**JURY TRIAL DEMANDED** |

**INDIVIDUAL AND CLASS ACTION COMPLAINT**

Named Plaintiffs Glen Wojnar and Barry Blumenfeld (hereinafter referred to as "Named Plaintiffs"), individually and on behalf of those similarly situated (hereinafter referred to as "Class Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendant J.E. Berkowitz, LP (hereinafter referred to as "Defendant JEB"), Defendant

Consolidated Glass Holdings, Inc. d/b/a JE Berkowitz (hereinafter referred to as "Defendant CGH") and Defendant Czech Asset Management, L.P. (hereinafter referred to as "Defendant CAM") (hereinafter collectively "Defendants"). In sum, Defendants violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. ("the WARN Act"), and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S.A. 34:21-1 *et seq*. ("the New Jersey WARN Act")

## JURISDICTION AND VENUE

1. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the WARN Act, 29 U.S.C. § 2101 *et seq*.

3. This Court has supplemental jurisdiction of Named Plaintiffs' state law claims because those claims arise out of the same nucleus of operative facts as the WARN Act claims.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this jurisdictional district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 29 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff Glen Wojnar is an adult individual who resides in New Jersey.

8. Named Plaintiff Barry Blumenfeld is an adult individual who resides in New Jersey.

9. Defendant JEB is a company that operates its business at the address set forth in the caption above.

10. Defendant JEB is a wholly owned subsidiary of Defendant CGH.

11. Defendant CGH is a company that operates/operated a business in New Jersey at the address set forth above.

12. Defendant CGH is headquartered at the address set forth above.

13. Defendant CAM is a capital management and investment corporation that is headquartered at the address set forth in the caption.

14. At all times relevant hereto, Defendant CAM directly owned Defendant CGH and was primarily responsible for making decisions concerning Defendant CGH entities and subsidiaries.

15. At all times relevant hereto Defendant CGH followed the instructions of Defendant CAM as to its operations.

16. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FEDERAL WARN ACT CLASS ALLEGATIONS

17. Named Plaintiffs bring these claims for violations of the Warn Act as individuals and as a class action pursuant to Fed. R. Civ. P. 23(a), on behalf of all persons who worked as full-time employees at Defendants' Pendricktown, New Jersey facility (hereinafter "the Pendricktown Facility"), whose employment was suspended and thereafter terminated as a result of the facility closure (hereinafter "Class Plaintiffs").

18. Named Plaintiffs' claims are typical to the claims of Class Plaintiffs because Named Plaintiffs, like Class Plaintiffs, suffered a loss of employment without notice, in violation of their rights under the WARN Act.

19. Named Plaintiffs will adequately protect the interests of the Class Plaintiffs because Named Plaintiffs' claims are coincident with, and not agnostic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecuting of class claims involving employment disputes.

20. No difficulties are likely to be encountered in the management of this Class action that would preclude its maintenance as a class action. This class will be easily identifiable from Defendants' records.

21. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be more than 100 individuals.

22. Similarly situated employees are known to Defendants and are readily identifiable by Defendants, and can be located through Defendants' records.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

24. Questions of law and fact are common to the members of the class action. Among the questions that are common to the class action are:

   a. whether Class Plaintiffs were employees of Defendants;

   b. whether Defendants' failure to provide a 60-day notice to the employees of the Pendricktown Facility of a temporary closure on February 2, 2021, constitutes a violation of the WARN Act;

   c. whether Defendant's failure to provide any notice to the employees of the Pendricktown Facility of a temporary closure on February 2, 2021, constitutes a violation of the WARN Act;

   d. whether Defendants' failure to provide a 60-day notice to the employees of the Pendricktown Facility of a permanent closure on March 5, 2021 constitutes a violation of the WARN Act;

   e. whether Defendant's failure to provide any notice to the employees of the Pendricktown Facility of a permanent closure on March 5, 2021 constitutes a violation of the WARN Act; and

   f. whether Defendants' failure to pay employees of the Pendricktown Facility wages and benefits following the temporary closure and/or permanent closure of the Pendricktown Facility constitutes a violation of the WARN Act.

### NEW JERSEY BUSINESS CLOSING LAW CLASS ALLEGATIONS

25. The foregoing paragraphs are incorporated herein as if set forth in full.

26. Named Plaintiffs bring their claims for relief to redress Defendants' violations of the New Jersey WARN Act as a class action pursuant to Fed. R. Civ. P. 23(a) individually and on behalf of all persons who worked as full-time employees at Defendants' Pendricktown, New

Jersey facility, whose employment was suspended and thereafter terminated as a result of the facility closure (hereinafter also referred to as "Class Plaintiffs").

27. Named Plaintiffs' claims are typical to the claims of Class Plaintiffs because Named Plaintiffs, like Class Plaintiffs, suffered a loss of employment without notice, in violation of their rights under the New Jersey WARN Act.

28. Named Plaintiffs will adequately protect the interests of the Class Plaintiffs because Named Plaintiffs' claims are coincident with, and not agnostic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecuting of class claims involving employment disputes.

29. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. This class will be easily identifiable from Defendants' records.

30. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be more than 100 individuals.

31. Similarly situated employees are known to Defendants and are readily identifiable by Defendants, and can be located through Defendants' records.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative

class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

33. Questions of law and fact are common to the members of the class action. Among the questions that are common to the class action are:

   a. whether Class Plaintiffs were employees of Defendants;

   b. whether Defendants' failure to provide a 60-day notice to the employees of the Pendricktown Facility of a temporary closure on February 2, 2021, constitutes a violation of the New Jersey WARN Act;

   c. whether Defendants' failure to provide a 60-day notice to the employees of the Pendricktown Facility of a permanent closure on March 5, 2021 constitutes a violation of the New Jersey WARN Act;

   d. whether Defendants' failure to pay employees of the Pendricktown Facility severance pay and/or benefits following the temporary closure and/or permanent closure of the facility constitutes a violation of the New Jersey WARN Act.

## FACTUAL BACKGROUND

34. The foregoing paragraphs are incorporated herein as if set forth in full.

35. Defendant JEB is a glass manufacturing company that began operations in or around 1920.

36. Defendant CGH purchased Defendant JEB in or around 2016.

37. At all times thereafter, Defendant JEB constituted a wholly owned subsidiary of Defendant CGH.

38. From in or around 2016 to in or around 2018, Defendant CGH owned and operated eight glass manufacturing locations, including the Pendricktown Facility, formerly operated by Defendant JEB.

39. At all times relevant hereto, Defendant's Pendricktown Facility continued to operate its business under the name of J.E. Berkowitz.

40. In or around 2019, Defendant CGH moved its headquarters to the Pendricktown Facility.

41. On or about March 9, 2020, New Jersey Governor Philip Murphy, declared a public health emergency in the state of New Jersey due to the Coronavirus disease (hereinafter the "COVID-19 outbreak").

42. Following the declaration of the emergency, Defendant CGH and Defendant JEB did not close the Pendricktown Facility for any period of time from March 2020 through June 2020.

43. In or around June 2020, Defendant CGH was acquired by Defendant CAM.

44. Upon information and belief, pursuant to the operational agreement between Defendant CGH and Defendant CAM, Defendant CAM received and reviewed operational data related to Defendant CGH's facilities, including the Pendricktown Facility.

45. Upon information and belief, Defendant CAM provided operational directives to Defendant CGH with regard to its facilities, including the Pendricktown Facility.

46. In or around January 2021, Defendant CAM and Defendant CGH provided a notice of facility closure to employees to its South Easton, Massachusetts facility, operating under the name of Solar Seal.

47. In or around January/February 2021, it was reasonably foreseeable to Defendants that business circumstances would require the closure of the Pendricktown Facility.

48. On or about February 1, 2021, Defendants employed 100 or more employees, excluding part time employees, at the Pendricktown Facility.

49. On or about February 1, 2021, Defendants employed 100 or more employees who in the aggregate worked at least 4,000 hours per week (exclusive of overtime).

50. On or about February 2, 2021, Defendants advised all employees at the Pendricktown Facility that they were being placed on immediate furlough for a period of at least 60 days.

51. Defendants closed the Pendricktown Facility, because its business had been suffering for a period of at least six months prior to same.

52. Defendants did not provide the employees of the Pendricktown Facility any advanced notice of the ceasing of facility operations.

53. Defendants did not provide Named Plaintiffs or Class Plaintiffs payment for any period of time during the announced furlough period.

54. At the time it furloughed Named Plaintiffs and Class Plaintiffs, Defendants did not have a legitimate intention to reopen the facility in 60 days.

55. At the time it furloughed Named Plaintiffs and Class Plaintiffs, Defendants were not actively seeking new capital for the purpose of reopening the Pendricktown Facility.

56. At the time it furloughed Named Plaintiffs and Class Plaintiffs, Defendants were not actively seeking new business for the purpose of reopening the Pendricktown Facility.

57. On March 5, 2021, Defendants notified the employees at the Pendricktown Facility that it would be permanently closing same.

58. The closing of the Pendricktown Facility, was not caused by a natural disaster.

59. Defendants gave no advanced written notice to Named Plaintiffs or Class Plaintiffs of the closure of the Pendricktown Facility.

60. Defendants could have, but failed to, evaluate the impact of business circumstances prior to February 2021 to provide notice to its employees prior to the mass layoff.

61. The March 5, 2021 announcement caused at least 100 employees working for Defendants to be immediately terminated without cause.

62. Defendants' conduct caused Named Plaintiffs and Class Plaintiffs to suffer damages.

## COUNT I
### Violations of the WARN ACT

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. At all times relevant hereto, Defendants constituted employers within the meaning of the WARN Act.

65. As of January 1, 2021, Defendants employed at least 100 employees, excluding part-time employees.

66. The furlough of employees at the Pendricktown Facility on February 2, 2021, resulted in a loss of employment for at least 50 employees for a period of at least 30 days.

67. Defendants' closing of the Pendricktown Facility on or about March 5, 2021, resulted in a permanent loss of employment for at least 50 or more employees.

68. As a result, Named Plaintiffs and Class Plaintiffs constituted affected employees within the meaning of the WARN Act.

69. Named Plaintiffs and Class Plaintiffs were entitled to at least sixty (60) days prior written notice of the termination of their employment, and for payment or their respective wages, salary, commissions, and bonuses for at least 60 days following same.

70. Alternatively, Named Plaintiffs and Class Plaintiffs were entitled to written notice of the termination of their employment as was "practicable" for Defendants, in conjunction with a statement for the basis for the reduction of the 60-day notification period.

71. Defendants' failure to provide Named Plaintiffs and Class Plaintiffs with any notice prior to the implementation of the furlough in or around February 2021, and the Pendricktown Facility closure in March 2021, constitutes a violation of the WARN Act.

72. Defendants' conduct caused Named Plaintiffs and Class Plaintiffs to suffer damages.

### COUNT II
### Violations of the New Jersey WARN Act

73. The foregoing paragraphs are incorporated herein as if set forth in full.

74. At all times relevant hereto, Defendants constituted employers within the meaning of the New Jersey WARN Act, NJSA 34:12-1 *et seq*.

75. Defendants' temporary closure of the Pendricktown Facility in or around February 2021 constituted a termination of operations within the meaning of the New Jersey WARN Act.

76. Defendants' permanent closure of the Pendricktown Facility in March 2021 constituted a termination of operations within the meaning of the New Jersey WARN Act.

77. Named Plaintiffs and Class Plaintiffs were entitled to at least sixty (60) days prior written notice of the termination of their employment and for payment of severance pay in accordance with the rate set forth in NJSA 34:21-2(b).

78. Defendants' failure to provide such severance pay as set forth above constitutes a violation of the New Jersey WARN Act.

79. As a result of Defendants' violations, Named Plaintiffs and Class Plaintiffs have suffered damages.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order providing that:

A. Certification that Named Plaintiffs and Class Plaintiffs constitute a single class;

B. A money judgment in favor of Named Plaintiffs and Class Plaintiffs equal to the sum of all unpaid wages due in accordance with the WARN Act and/or New Jersey WARN Act.

C. Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

D. Named Plaintiffs and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate; and

E. Named Plaintiffs and Class Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Manali Arora*
Manali Arora, Esq.
Matthew D. Miller, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North, Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.